# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ERIKA VENTURA,

    Plaintiff,

v.

REGENTS OF THE UNIVERSITY
OF MICHIGAN, JULIE WHITBECK
(In Her Individual/Personal Capacity),
CARRIE CHILDS-THOR (In Her
Individual/Personal Capacity),

    Defendants.

Case No.

Hon.

---

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
*Attorney for Plaintiff*
340 Beakes Street, Suite 125
Ann Arbor, MI 48103
(844) 487-9489
noah@hurwitzlaw.com

---

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this Complaint.

## COMPLAINT AND JURY DEMAND

Plaintiff Erika Ventura ("Plaintiff"), by and through her attorneys, HURWITZ LAW PLLC, states the following for her Complaint against Defendants Regents of the University of Michigan, Julie Whitbeck, and Carrie Childs-Thor ("Defendants").

1

## INTRODUCTION

1. Plaintiff was employed by Defendant University of Michigan for nearly five years, during which time she received consistent praise and several promotions. However, when Plaintiff reported discriminatory behavior that her manager engaged in, she became subject to disciplinary actions that resulted in her termination in violation of Title VII of the Civil Rights Act of 1964 and Michigan's Elliott-Larsen Civil Rights Act.

## JURISDICTION AND PARTIES

2. Plaintiff is an individual residing in Ypsilanti, County of Washtenaw, State of Michigan.

3. Defendant Regents of the University of Michigan ("Regents") is a body corporate pursuant to Article VIII § 5 of the Michigan Constitution headquartered in Ann Arbor, Washtenaw County, Michigan.

4. Defendant Julie Whitbeck at all relevant times was the Assistant Manager for Husbandry Services at the University of Michigan Unit for Laboratory Animal Medicine.

5. Defendant Carrie Childs-Thor at all relevant times was the Managing Director of Husbandry Operations at the University of Michigan Unit for Laboratory Animal Medicine.

6. Plaintiff's claims arise out of Defendants' violation of Title VII of the

Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, and Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL § 37.2101, *et seq*.

7. This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391 because it is the district in which's principal place of business is located and the district in which the events giving rise to Plaintiff's claims transpired.

9. Plaintiff timely filed an Amended Notice of Intent to File Claims, on February 12, 2024, pursuant to MCL 600.6431.

10. Plaintiff filed charges of retaliation with the Equal Employment Opportunity Commission on July 3, 2023, and received a right to sue letter in May 2024.

## FACTUAL ALLEGATIONS

11. Plaintiff incorporates by reference herein the allegations contained in the foregoing paragraphs.

12. Plaintiff was hired by Defendant University of Michigan's Unit for Laboratory Animal Medicine ("ULAM") on August 6, 2018.

13. Plaintiff was hired as an Animal Technician Associate, before being promoted to Animal Technician Intermediate and ultimately Senior Animal

3

Technician.

14. Plaintiff consistently received praise from her peers and managers and was not subject to disciplinary action during her first two years of employment.

15. Plaintiff is in a protected class due to her sexual orientation.

16. In or about June 2020, ULAM's Assistant Manager for Husbandry Services, Defendant Julie Whitbeck, posted a Facebook response to protests surround police brutality.

17. The Facebook post stated "Law Enforcement Lives Matter" and "Every life matters," which are slogans sometimes used to mask racism.



18. Plaintiff reported the posts to her manager and ULAM's Diversity,

4

Equity, and Inclusion ("DEI") team.

19. Additionally, Plaintiff posted "Black Lives Matter" signage in a ULAM common area and DEI boards.

20. Defendant Whitbeck reported the signage as "hostile" and subsequently created a policy that required employees to receive permission before posting on the DEI boards, which patently violates the National Labor Relations Act.

21. On June 4, 2020, Defendant Whitbeck sent a team-wide email stating "We have the opportunity to learn from and with each other through these horrible times, but only if we begin creating a safe place to ask questions, have open dialogue and actively listen to each other."

22. Defendant Whitbeck, having been in a lead role on the DEI team, subsequently stepped down from it.

23. On July 17, 2020, Animal Care Supervisor Robbin Ward, sent a Facebook Messenger message to Plaintiff stating that he "support[s] [Defendent Whitbeck" and that the complaints against her seem "more like a pile on."

24. A "restorative conversation" was scheduled for July 20, 2020, to allow for an open dialogue between ULAM employees.

25. Shortly before the meeting was to take place, Managing Director of Husbandry Operations Carrie Childs-Thor called Plaintiff, accusing her of attempting to "incite a protest" by reporting Defendant Whitbeck's offensive

5

language.

26. Plaintiff believed Defendant Childs-Thor sought to intimidate her in order to dissuade further complaints about discrimination.

27. Therefore, Plaintiff did not attend the "restorative conversation."

28. On January 25, 2021, Plaintiff received a disciplinary warning after a colleague reported a joke she had made.

29. Throughout 2021, Defendant Whitbeck continued to post discriminatory content to her Facebook, including the following, which:

    a. A post that said, "Blacks are Clueless."



    b. A post that stated "…the mouth on her" together with a monkey emoji over a picture of a black senator.



c. A post about transgender athlete Lia Thomas, a transgender athlete.



d. A post that insinuated that homosexuality is akin to pedophilia.



e. A post that stated accepting the LGBTQ+ community is equal to accepting Satan.



8

30. Plaintiff identifies as part of the LGBTQ+ community and found Defendant Whitbeck's posts to be discriminatory and creating a hostile work environment.

31. On July 21, 2021, Plaintiff was placed on a one-day disciplinary layoff for absences that were indisputably excused.

32. In June 2022, Defendant Whitbeck continued to post offensive and discriminatory content on Facebook, including a post stating homosexuality is a sin.



9

33. Plaintiff reported the offensive posts to management, to which Defendant Whitbeck said that she wanted to "…keep [homosexuality] away from the children."

34. In June 2022, Plaintiff posted signage in a ULAM common area and DEI boards stating "Love is not a sin."

35. Plaintiff's manager, Joe Szcodronski, demanded that Plaintiff remove the signs, stating that she was "inflaming" a delicate situation, as Defendant Whitbeck felt personally harassed.

36. Plaintiff refused to remove the signs.

37. In late June 2022, Defendant Whitbeck continued to share discriminatory Facebook posts, including a photo of a school bus riddled with bullet holes and captioned "Just back from Juneteenth Parade in Chicago."



38. Plaintiff continued to report these inflammatory social media posts, but no action was taken.

39. On or about August 9, 2022, Plaintiff received a two-day disciplinary layoff.

40. On or about April 14, 2023, Plaintiff engaged in a conversation with a coworker regarding LGBTQA+ topics.

41. Plaintiff's colleague, Shannon Twitchell, overheard the conversation and reported Plaintiff to management.

42. Plaintiff did not make any inappropriate comments but was simply discussing a topic that Ms. Twitchell found to be offensive.

43. On May 8, 2023, Plaintiff had a Disciplinary Review Conference to address the frivolous disciplinary actions that had accrued only after she reported discriminatory actions.

44. Plaintiff was ultimately terminated the following day, May 9, 2023.

45. Plaintiff initiated a grievance process to review her termination, outlining her reports of Defendant Whitbeck's offensive social media posts.

46. The grievance process concluded on June 26, 2023, and Plaintiff's termination was upheld, including her designation as "Do Not Hire."

## COUNT I
## VIOLATION OF TITLE VII, 42 U.S.C. § 2000e, *et seq*.
## SEXUAL ORIENTATION DISCRIMINATION
## (AGAINST UNIVERSITY OF MICHIGAN)

47. Plaintiff restates the foregoing paragraphs as set forth fully herein.

48. At all times relevant hereto, Plaintiff was an employee and Defendant University of Michigan was her employer for the purposes of 42 U.S.C. § 2000e, *et seq*.

49. Title VII of the Civil Rights act of 1964, 42 U.S.C. § 2000e *et seq*., makes it unlawful for an employer to discriminate against an employee based on their belonging to a protected class.

50. Plaintiff identifies as LGBTQA+ and issued complaints regarding her direct manager, engaging in a protected activity.

51. Plaintiff was subject to discriminatory remarks made on behalf of her direct manager, targeting her LGBTQA+ identity.

52. Defendant University of Michigan failed to remedy the discriminatory behavior, thereby discriminating against Plaintiff.

53. Defendant's discrimination has harmed and will continue to harm Plaintiff.

54. As a direct and proximate result of Defendant's violation of Title VII Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment, and the physical effects

associated therewith, and will so suffer in the future.

55. As a further direct and proximate result of Defendant's violation of Title VII, Plaintiff has been denied employment and placed in financial distress and have suffered a loss of earnings and benefits, and a loss of and impairment of her earning capacity and ability to work and will so suffer in the future; she has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

56. Defendant's discriminatory actions were intentional and/or reckless and in violation of Title VII.

## COUNT II
## VIOLATION OF TITLE VII, 42 U.S.C. § 2000e, *et seq*.
## RETALIATION (AGAINST UNIVERSITY OF MICHIGAN)

57. Plaintiff restates the foregoing paragraphs as set forth fully herein.

58. Plaintiff identifies as LGBTQA+ and is therefore a protected class.

59. Defendant discriminated against Plaintiff based on her sexual orientation by allowing Plaintiff's manager to make homophobic remarks.

60. Plaintiff further engaged in a protected activity by reporting the manager's comments.

61. Plaintiff suffered adverse actions in the form of discipline and eventual termination only after engaging in protected activities.

62. Defendant's retaliatory actions were intentional and/or reckless and in violation of Title VII.

63. Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation, embarrassment, and the physical effects associated therewith and will so suffer in the future.

## COUNT III
## VIOLATION OF ELCRA, MCL 37.2101, *et seq.*
## INTENTIONAL DISCRIMINATION
## (AGAINST DEFENDANTS WHITBECK AND CHILDS-THOR)

64. Plaintiff incorporates the foregoing paragraphs by reference herein.

65. At all times material to this proceeding, Defendants are covered by and within the meaning of the Elliott-Larsen Civil Rights Act, M.C.L 37.2202 *et seq.*

66. Plaintiff is in a protected class due to her sexual orientation.

67. Plaintiff was subject to discriminatory comments made by her direct manager.

68. Defendants failed to address the discrimination of which Plaintiff was subject to.

69. But for Plaintiff's protected status, Defendants would not have discriminated against her.

70. Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation, embarrassment.

71. Plaintiff has been denied employment and placed in financial distress and she has suffered a loss of earnings and benefits, and a loss of and impairment of their earning capacity and ability to work, and she will so suffer in the future.

## COUNT IV
## VIOLATION OF ELCRA, MCL 37.2101, *et seq.*
## RETALIATION
## (AGAINST DEFENDANTS WHITBECK AND CHILDS-THOR)

72. Plaintiff restates the foregoing paragraphs as set forth herein.

73. Plaintiff is in a protected class due to her sexual orientation.

74. Plaintiff further engaged in a protected activity by reporting Defendants' discrimination.

75. Defendants subsequently subjected Plaintiff to adverse employment actions by issuing frivolous disciplinary actions, and eventually terminating Plaintiff.

76. Defendants' actions were motivated by retaliation due to Plaintiff's protected activity and status.

77. But for Plaintiff's protected activities and status, Defendants would not have subjected her to such adverse actions.

78. Plaintiff has suffered emotional and physical distress, mental and physical anguish, loss of reputation, humiliation, embarrassment.

79. Plaintiff has been denied employment and placed in financial distress and she has suffered a loss of earnings and benefits, and a loss of and impairment of their earning capacity and ability to work, and she will so suffer in the future

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests the following relief:

a. Compensatory damages for monetary and non-monetary loss;

b. Exemplary and punitive damages;

c. Prejudgment interest;

d. Attorneys' fees and costs; and

e. Such other relief as in law or equity may pertain

                                    Respectfully submitted
                                    Hurwitz Law, PLLC

                                    */s/ Noah S. Hurwitz*
                                    Noah S. Hurwitz (P74063)
                                    Attorney for Plaintiff

Dated: July 15, 2024

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ERIKA VENTURA,

    Plaintiff,

v.

REGENTS OF THE UNIVERSITY
OF MICHIGAN, JULIE WHITBECK
(In Her Individual/Personal Capacity),

    Defendant.

Case No.

Hon.

---

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
*Attorney for Plaintiff*
340 Beakes Street, Suite 125
Ann Arbor, MI 48103
(844) 487-9489
noah@hurwitzlaw.com

---

## **JURY DEMAND**

NOW COMES Plaintiff Erika Ventura, by and through her attorneys, HURWITZ LAW, PLLC, and hereby demands a trial by jury of the issues in the above-captioned cause of action.

                                        Respectfully submitted
                                        Hurwitz Law, PLLC

                                        */s/ Noah S. Hurwitz*
                                        Noah S. Hurwitz (P74063)
Dated: July 15, 2024               Attorney for Plaintiff